**In re John DOE, A Witness Before the Special March 1986 Grand Jury.**

**No. 83 GJ 1712.**

United States District Court, N.D. Illinois, E.D.

Jan. 5, 1988.

John Scully, Asst. U.S. Atty., Chicago, Ill., for government.

Arthur N. Nasser, Chicago, Ill., for witness.

## ORDER

GRADY, Chief Judge.

■ The March 1986 Grand Jury has subpoenaed the witness JOHN DOE and ordered him to allow his photograph to be taken by agents of the Federal Bureau of Investigation. The government seeks enforcement of that order. It is the intention of the grand jury that Doe's photograph will be shown by government agents to other persons who may be able to identify him as having participated in the alleged

criminal conduct under investigation. Doe is the target of the grand jury investigation. He does not object to being photographed, nor to having his photograph displayed to other persons in connection with the investigation. He does, however, object to the use of his photograph outside the grand jury room and seeks an order of this court prohibiting its use outside the grand jury room. He argues that the photograph will become grand jury material subject to the secrecy requirements of Rule 6(e) of the Federal Rules of Criminal Procedure, and that its display outside the grand jury room would violate that secrecy. He also contends that if the photograph is shown outside the grand jury room, it might be displayed in an unfair, suggestive manner, whereas in the grand jury room that possibility would be diminished by the fact that there would be a verbatim transcript of the interchange between the government attorney and each person viewing the photograph.

The parties have not found a reported case dealing with the use of compelled photographs in grand jury investigations. The government takes the position that the photograph will not be grand jury material covered by Rule 6(e). The government cites *In re Melvin*, 550 F.2d 674, 677 (1st Cir.1977), where it was held that a lineup ordered by the grand jury, and which was to be conducted outside the grand jury room, was not a violation of Rule 6(e) because it was not a matter "occurring before the grand jury" governed by that rule. The Court stated that:

> The lineup is a separate investigative procedure, attendance at which the grand jury may require; it does not itself become physically incorporated in the grand jury's own proceedings.

This court agrees with Doe that his photograph will be grand jury material. It has been ordered taken by the grand jury, and the only basis for an enforcement order by this court is that the grand jury has requested such enforcement.[1] In these cir-

---

1. Government agents could lawfully photograph Doe pursuant to a valid arrest, but apparently they lack probable cause for an arrest. It appears that probable cause for prosecution of Doe largely depends upon the question of identification.

cumstances, this court does not see how either the taking of the photograph or its subsequent display could be regarded as "a separate investigative procedure," not subject to the restrictions of Rule 6(e). The photograph is clearly grand jury material, and we decline to follow the reasoning of the Court in *Melvin*.

The secrecy requirement of Rule 6 is not, of course, absolute. Disclosure of grand jury material can be made to

> ... such government personnel ... as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

Rule 6(e)(3)(A)(ii). Any such governmental personnel "... shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce federal criminal law." Rule 6(e)(3)(B). Thus, at least impliedly, Rule 6(e) would allow the government agents to show Doe's photograph to other persons in the course of assisting the attorney for the government in the grand jury investigation. The rule does not say that such "assistance" by the government agents can only be rendered inside the grand jury room, and obviously that is not the intent of the rule. On the other hand, it is also clear that the necessary assistance should be rendered in a manner that will preserve grand jury secrecy to the extent possible consistent with the practical needs of the investigation.

■ The question is, what should be kept secret? It is not simply Doe's photograph, for there is nothing secret about his face. Presumably, his face has become known to countless people simply as a result of his having lived in society. What is secret is the fact that Doe is being investigated by the grand jury. The remedy he seeks from this court—an order requiring that his photograph be shown to witnesses only inside the grand jury room—would not provide him any protection at all from that disclosure. On the contrary, it would guarantee that each witness called before the grand jury would know that the person shown in the photograph is a possible target of the grand jury investigation. If these same persons are shown the photograph outside the grand jury room, they will know that the subject of the photograph may be under investigation, but they will not necessarily know the investigation is one being conducted by a grand jury. Thus, to the extent that this is a distinction with a difference, Doe will actually receive more protection from a Rule 6(e) violation under the government's proposed method of investigation than he would by the method he proposes.

Doe's other concern is that the fairness of the photographic display can better be monitored in the grand jury room, with a stenographic transcript, than it can if the agents are, in his words, given his photograph "to indiscriminately display around the countryside." That is probably true, although it would obviously be impossible to capture in a stenographic transcript all of the nuances of a photographic display and the reaction of a witness to the display. But Rule 6(e) is not concerned with such a "fairness" issue. It is addressed, rather, to the matter of grand jury secrecy. There are other means of challenging unduly suggestive photo displays, usually by a motion to suppress evidence of any identification procured by such a display, and these means are available whether the display was at the instance of the grand jury or not. In short, Doe's remedy for any unfairness in the use of his photograph is by way of motion after indictment, not by resort to Rule 6(e).

This does not mean that government agents will in fact be free to brandish Doe's photograph about the countryside without limitation. Rule 6(e)(3)(B) provides that government agents to whom grand jury matters are disclosed

> ... shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce federal criminal law. An attorney for the government shall promptly provide the district court, before which

was impaneled the grand jury whose material has been so disclosed, with the names of the persons to whom such disclosure has been made, and shall certify that the attorney has advised such persons of their obligation of secrecy under this rule.

Consistent with these requirements, the government shall file with the court, under seal, a list of the agents to whom Doe's photograph is made available, designating which of them have displayed the photograph to possible identifying witnesses. The agents should be advised by the attorney for the government that persons who are shown the photograph should not be told that Doe is under investigation by a grand jury. The attorney for the government shall file a certificate that he has complied with this order. When the grand jury investigation, or any criminal case arising out of that investigation, has been concluded, Doe's photograph shall be returned to him and no copies or negatives thereof shall be retained by the government. The photograph is being ordered for the use of this particular grand jury, and not for the government to use in any other investigation or to make a part of its permanent files.

Subject to the foregoing restrictions on the use of his photograph, the witness John Doe is ordered to appear within seven days at the offices of the Chicago Division of the Federal Bureau of Investigation for the purpose of being photographed under the direction of the Federal Bureau of Investigation.